***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 ***********
The parties stipulated into the evidence in this matter stipulated exhibit one, which consists of plaintiff's medical records. In addition, defendant introduced and the deputy commissioner admitted into evidence defendant's exhibit one, the medical payment history of plaintiff's claim.
The issue to be determined is whether plaintiff is entitled to ongoing medical treatment for his left shoulder injury.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the Full Commission makes the following
 FINDINGS OF FACT
1. On the date of the injury giving rise to this claim, an employment relationship existed between plaintiff and the employer.
2. On the date of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On the date of the deputy commissioner hearing in the matter, plaintiff was 37 years old and residing in Matthews, North Carolina. Plaintiff is currently employed as a police officer with the Wingate Police Department.
4. On 24 May 1997 plaintiff was employed as an animal control officer for the employer. Plaintiff had been so employed since 1996, and he left that employment in early 1998 for reasons unrelated to his workers' compensation shoulder injury, but to take another job.
5. On 24 May 1997, plaintiff was working alone on his shift, and as part of his job duties, he had to chase a Great Dane dog that was attempting to mount another dog, a potentially dangerous situation. Plaintiff had to struggle with the large dog for almost 30 minutes before he was able to get it into the truck. In the process of lifting and struggling with the large dog, plaintiff hurt his left shoulder.
6. Plaintiff reported the incident to his supervisor. Defendant accepted the claim as a medicals-only claim, meaning that plaintiff did not miss time from work as a result of his injury, and that defendant agreed to pay for the medical bills relating to plaintiff's injury.
7. Plaintiff began treating with Dr. David Peterson at Presbyterian Center for Business Health on 2 June 1997. Dr. Peterson diagnosed left shoulder strain and prescribed pain medication and modified duty work.
8. Dr. Peterson referred plaintiff to Dr. William Thompson at Charlotte Orthopedic Specialists. Dr. Thompson prescribed anti-inflammatory medication and physical therapy. Later Dr. Thompson did an injection that offered plaintiff no real relief.
9. Dr. Thompson diagnosed AC joint arthrosis and ordered an MRI, which confirmed the diagnosis. Dr. Thompson continued to recommend conservative treatment, based upon the fact that plaintiff's condition did not appear to be severe. Dr. Thompson did note that a possible future treatment option may be a distal clavicle resection. Plaintiff last saw Dr. Thompson on or about 7 May 1998, at which time Dr. Thompson gave plaintiff another injection, and continued to recommend conservative treatment. Dr. Thompson has since left the practice at Charlotte Orthopedic Specialists.
10. The last payment of medical expenses made by the workers' compensation carrier in this case was on 1 October 1998 to Rehability Center. Plaintiff did not seek additional medical treatment from Dr. Peterson or Dr. Thompson after 7 May 1998 or ask for authorization to see any other physician.
11. Plaintiff continued to work full duty as a police officer. Toward the end of 2000 plaintiff began an exercise program and he noticed that his shoulder was still giving him problems and he was unable to do some of the exercises he had been able to do prior to May 1997. Plaintiff called Charlotte Orthopedic Specialists to get a follow-up appointment, and he was told to contact the carrier in his workers' compensation case. Plaintiff attempted to start the process of obtaining authorization for additional medical compensation in late 2000.
12. In March 2001 plaintiff spoke with a claims management adjuster for the City of Charlotte. Plaintiff asked for authorization to see Dr. Thompson or another physician at Charlotte Orthopedic Specialists. The adjuster denied plaintiff's request on the grounds that the request was not timely. By letter dated 23 March 2001, which plaintiff did not receive until the same letter was forwarded with a letter dated 5 April 2001, the carrier officially notified plaintiff that the statute of limitations had run, and plaintiff's request for additional medical treatment was being denied. Plaintiff thereupon filed a Form 33 dated 21 May 2001 and filed 5 June 2001 with the Industrial Commission to request a hearing in the matter.
13. Plaintiff's request to defendant for additional medical treatment was made more than two years after the last payment of medical compensation by defendant. Furthermore, within two years after the last payment of medical compensation, plaintiff did not file a Form 18M or otherwise petition the Industrial Commission for additional medical treatment.
 ***********
The foregoing stipulations and findings of fact result in the following additional
 CONCLUSIONS OF LAW
1. Defendant admitted plaintiff's claim for a shoulder injury occurring on 24 May 1997 as a medicals-only claim, and paid medical compensation for plaintiff's treatment pursuant to N.C. Gen. Stat. §97-25.
2. Plaintiff received medical treatment through 7 May 1998, and defendant last paid a medical bill for plaintiff's claim on 1 October 1998. Plaintiff neither sought authorization from defendant, nor filed a Form 18M or motion with the Industrial Commission for additional medical compensation within two years after 1 October 1998. Accordingly, plaintiff's claim for additional medical compensation was not timely filed. N.C. Gen. Stat. § 97-25.1; Industrial Commission Rule 408. Although plaintiff has presented a persuasive claim for the need for continuing medical care, and defendant is encouraged to voluntarily provide the care, the Industrial Commission is without jurisdiction to award further medical care to plaintiff. N.C. Gen. Stat. § 97-25.1; Industrial Commission Rule 408.
 ***********
The foregoing findings of fact and conclusions of law result in the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is HEREBY DENIED.
2. Each party shall bear its own costs of this proceeding.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING WITH SEPARATE OPINION:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER